IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| KEVIN NESBIT,<br><br>Plaintiff,<br>v.<br><br>FEDEX CORPORATION; INNOVATIVE TRANSPORTS CORPORATION; and RAYSHAWN WESS,<br><br>Defendants. | Case No.: 3:24-cv-01435-AN<br><br><br>OPINION AND ORDER |

Plaintiff Kevin Nesbit, who is self-represented and thus proceeding pro se, filed this action against defendants FedEx Corporation, Innovative Transports Corporation, and Rayshawn Wess, alleging nine claims for relief. Three motions are currently pending before the Court. First, FedEx Corporation filed a motion to dismiss or, in the alternative, for a more definite statement (the "motion to dismiss"), ultimately seeking dismissal of plaintiff's action in its entirety with prejudice. Among other reasons, FedEx Corporation argues that dismissal is appropriate because plaintiff named the incorrect entity in his complaint and because the Court does not have personal jurisdiction over FedEx Corporation. Second, plaintiff filed a motion for leave to file an amended complaint, offering, in relevant part, to name the correct entity identified by FedEx Corporation. FedEx Corporation opposes plaintiff's motion. Finally, FedEx Corporation has moved for a protective order, asking that this Court stay discovery deadlines pending resolution of the motion to dismiss. Neither Innovative Transports Corporation nor Rayshawn Wess have yet appeared.

For the reasons described herein, the Court finds that it lacks personal jurisdiction over FedEx Corporation and, accordingly, grants FedEx Corporation's motion to dismiss, thereby dismissing FedEx Corporation from this action. Because it appears that any amendment as to FedEx Corporation would be futile, FedEx Corporation's dismissal is with prejudice. The Court declines to reach the remainder of FedEx Corporation's arguments. Otherwise, the Court grants plaintiff's motion for leave to amend. Plaintiff may

file an amended complaint within thirty (30) days.  Plaintiff is cautioned that any amended complaint must comply with the rulings set forth in this Opinion and Order.  In addition, and also within thirty (30) days of the date of this Opinion and Order, plaintiff shall provide the Court with updated contact information, including an up-to-date telephone number, email address, and mailing address.  Finally, based on the rulings made herein, FedEx Corporation's motion for protective order is denied as moot.

## LEGAL STANDARD

### A.    Motion to Dismiss for Lack of Personal Jurisdiction

A defendant may move to dismiss an action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  The plaintiff then "bears the burden of demonstrating that jurisdiction is appropriate."  *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).  If a "court decides the motion without an evidentiary hearing, . . . then 'the plaintiff need only make a prima facie showing of the jurisdictional facts.'"  *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).  However, the plaintiff "cannot simply rest on the bare allegations of its complaint."  *Schwarzenegger*, 374 F.3d at 800.  The Court must instead "evaluate whether the pleadings," alongside any relevant affidavits submitted by the parties, "establish a prima facie showing of jurisdictional facts."  *In re Boon Glob. Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019) (citation and quotation marks omitted).  In conducting this assessment, the Court must accept as true all uncontroverted allegations in the complaint and must resolve conflicts regarding statements contained in the affidavits in the plaintiff's favor.  *Ranza v. Nike*, 793 F.3d 1059, 1073 (9th Cir. 2015).

### B.    Self-Represented Litigants

Pleadings filed by self-represented litigants "are held to a less stringent standard than those drafted by lawyers."  *Graves v. Nw. Priority Credit Union*, No. 3:20-cv-00770-JR, 2020 WL 8085140, at *2 (D. Or. Dec. 12, 2020) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  "In cases involving a [self-represented] plaintiff, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt."  *Kali v. Bulk Handling Sys.*, No. 6:18-cv-02010-AA, 2019 WL 1810966, at *4 (D. Or. Apr. 23,

2

2019) (citing *Wolfe v. Strankman*, 392 F.3d 358, 392 (9th Cir. 2004)).  Further, "[u]nless it is absolutely clear that no amendment can cure the defect," self-represented litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

## BACKGROUND

Plaintiff alleges the following facts in his complaint.  On or about November 30, 2021, plaintiff "ordered a supercharger kit for a Black Chevrolet from Speed Masters, valued at $2,800."  Compl., ECF 1, at 2.  "FedEx Corporation was contracted to deliver the package to [plaintiff]'s residence in Happy Valley, Oregon."  *Id.*  Plaintiff's "FedEx tracking information indicated that the package was delivered and signed for by 'K K Nesbit' on November 30, 2021, at 12:23 PM."  *Id.*  However, plaintiff was not home at that time: he "was at work at the time of the alleged delivery, as confirmed by his employer's records and video surveillance."  *Id.* at 2-3.  Plaintiff "did not sign for the package and did not authorize anyone to sign on his behalf."  *Id.* at 3.  Plaintiff "reported the incident to FedEx and filed a claim, which was denied by FedEx."  *Id.*

Based on these factual allegations, plaintiff asserts nine claims, for (1) breach of contract, against "FedEx Transports Corporation"; (2) breach of duty, against "FedEx and Innovative Transports Corporation"; (3) conversion, against "FedEx and Rayshawn Wess"; (4) violations of the Federal Trade Commission Act ("FTCA"); (5) negligence, against "FedEx Corporation, Innovative Transports Corporation, and Rayshawn Wess"; (6) fraud, against "FedEx Corporation, Innovative Transports Corporation and Rayshawn Wess"; (7) negligence per se, against "FedEx Corporation and Innovative Transports Corporation"; (8) negligence in hiring subcontractor, against "FedEx Corporation"; and (9) conversion, against "FedEx Corporation, Innovative Transports Corporation, and Rayshawn Wess."  *Id.* at 3-6.  Plaintiff ultimately seeks a judgment against all defendants for damages in the amount of $102,800; punitive damages; costs and attorney's fees; and "[a]ny further relief this Court deems just and proper."  *Id.* at 7.

On July 18, 2025, FedEx Corporation filed the first of three motions currently pending before the Court. FedEx Corp. Mot. to Dismiss, ECF 10. In the motion, FedEx Corporation asks this Court for an order dismissing all of plaintiff's claims against it on four separate grounds: (1) the Court lacks personal jurisdiction over FedEx Corporation; (2) plaintiff lacks standing to bring suit under the FTCA; (3) multiple of plaintiff's claims are barred by the applicable statutes of limitations; and (4) the complaint fails to state a claim under federal pleading standards. *Id.* at 2. In the alternative, FedEx Corporation moves for a more definite statement, asking this Court to "direct [plaintiff] to file an Amended Complaint that satisfies Federal Rules of Civil Procedure . . . 8(a) and 9(b)." *Id.* at 2-3. FedEx Corporation also filed two declarations in support of its motion. *See* Decl. Brian Bevan Supp. FedEx Corp. Mot. to Dismiss ("Bevan Decl."), ECF 11; Decl. Brandon Waits Supp. FedEx Corp. Mot. to Dismiss ("Waits Decl."), ECF 12.

On August 18, 2025, plaintiff filed a response in opposition to the motion to dismiss. Also on August 18, plaintiff filed a motion to amend the complaint. Pl. Mot. to Am. Compl. ("Pl. Mot."), ECF 19. On August 26, 2025, FedEx Corporation filed a combined reply in support of its motion to dismiss and response in opposition to plaintiff's motion. FedEx Corp. Reply & Resp., ECF 20. On September 8, 2025, plaintiff filed a "response to defendant FedEx's objection to plaintiff's motion," which the Court construes as a reply in support of his motion for leave to amend. Pl. Reply, ECF 21

On September 16, FedEx Corporation filed a Federal Rule of Civil Procedure 26(a)(1) agreement with a joint proposed case management schedule, ECF 22, which the Court adopted following a telephone status conference, *see* Mins. of Proceedings of October 15, 2025, ECF 26. At the status conference, the Court also ordered plaintiff to provide updated contact information to the Court, including an up-to-date telephone number, email address, and mailing address. Mins. of Proceedings of October 15, 2025.

On February 4, 2026, FedEx Corporation filed a motion for protective order, FedEx Corp. Mot. for Prot. Order, ECF 27, and a declaration in support thereof, Decl. Bevan Supp. FedEx Corp. Mot. for Protective Order, ECF 28. In the motion for protective order, FedEx Corporation asks the Court for a protective order staying all discovery pending a ruling on the motion to dismiss. FedEx Corp. Mot. for Protective Order 2. Though plaintiff opposes the stay, *see id.* at 1-2, he has not filed any response to the

4

motion.

As of this Order, plaintiff has not provided the Court with updated contact information.

## DISCUSSION

### A.     Personal Jurisdiction

The Court's analysis on the motion to dismiss begins and ends with personal jurisdiction. The core of FedEx Corporation's argument is that the Court does not have personal jurisdiction over FedEx Corporation because FedEx Corporation is not a proper defendant. At the time of the alleged package theft, FedEx Corporation was the parent corporation of FedEx Express and FedEx Ground Package System, Inc. ("FedEx Ground"). Waits Decl. ¶ 4. FedEx Ground has since merged into FedEx Express, which remains a subsidiary of FedEx Corporation. *Id.* FedEx Corporation has not employed any delivery drivers, offered any shipping services, or maintained any employees or operations in Oregon during the relevant time period. *Id.* ¶¶ 5-6. Instead, package deliveries were handled through FedEx Ground and FedEx Express— and now, through FedEx Express alone. *See id.* ¶¶ 4, 8-9. FedEx Corporation is not involved with the day-to-day operations of FedEx Express, is not a party to FedEx Ground's contracts with package delivery service providers, and does not supervise or direct FedEx Express or FedEx Ground employees. *Id.* ¶¶ 7-9. Accordingly, FedEx Corporation argues that FedEx Express is the proper defendant to this action and that the Court does not have personal jurisdiction over the improperly named FedEx Corporation.

Plaintiff has not shown that this Court has personal jurisdiction over FedEx Corporation.[1] Because this is a diversity action, the Court looks to Oregon law to determine whether it has personal jurisdiction over defendants. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) ("When no federal statute governs personal jurisdiction, the district court applies the law of the forum state."). Personal jurisdiction under the Oregon Rules of Civil Procedure ("ORCP") can only reach as far as due process allows. *See*

---

[1] Though plaintiff has, on the one hand, agreed to dismiss FedEx Corporation from this action, he, on the other hand, continues to argue that he has alleged facts sufficient for this Court to find it has personal jurisdiction over FedEx Corporation or asks for leave to amend to allege additional facts. Due to this tension, in an abundance of caution, the Court does not simply dismiss FedEx Corporation and instead addresses the issue of personal jurisdiction.

*Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).  Accordingly, the ORCP do not provide the forum any powers beyond those granted by the Constitution.  *See id.*; *and see Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (per curiam) ("Oregon's long-arm statute confers jurisdiction to the extent permitted by due process.").  Thus, for this Court's "purposes, jurisdiction under state law and due process are coextensive." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1161 (9th Cir. 2023).

A court has personal jurisdiction over a defendant when the defendant has "such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" *Ford Motor Co. v. Mont. 8th Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945)).  The emphasis on defendants' contacts with the forum has "led to [the Supreme Court] recognizing two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Id.*  Plaintiff does not here identify whether he believes the Court has general or specific personal jurisdiction over FedEx Corporation.  The Court concludes it has neither.

1.      *General Jurisdiction*

Plaintiff has not shown that the Court has general personal jurisdiction over FedEx Corporation.  A court has general jurisdiction over a defendant if that defendant engages in "continuous and systematic general business contacts" with the forum state. *Schwarzenegger*, 374 F.3d at 801 (citation and quotation marks omitted).  "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.*  Corporations are generally found to be subject to general personal jurisdiction in their "place of incorporation and principal place of business." *Daimler AG*, 571 U.S. at 137.  A corporation's "principal place of business" is located in "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

In the complaint, plaintiff alleges that FedEx Corporation "is a Delaware corporation with its principal place of business in Memphis, Tennessee."  Compl. 2.  FedEx Corporation has introduced

evidence to support this allegation. *See* Waits Decl. ¶ 4. Plaintiff proffers no argument as to whether this Court has general jurisdiction over FedEx Corporation. Based on the allegations and evidence before it, the Court concludes that it does not have general personal jurisdiction over FedEx Corporation.

2.  *Specific Personal Jurisdiction*

Plaintiff also has not shown that the Court has specific personal jurisdiction over FedEx Corporation. The Ninth Circuit analyzes specific jurisdiction using a three-prong test:

> "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). "The plaintiff bears the burden of meeting the first two prongs while the defendant shoulders the burden on the final prong." *Davis*, 71 F.4th at 1162. Here, plaintiff cannot satisfy the first prong as to any of the claims alleged against FedEx Corporation, and the Court thus does not reach the second or third prongs.

Courts "typically" evaluate the first prong differently depending on whether a plaintiff brings a tort or a contract claim. *Id.* While there is no "rigid dividing line between" the two analyses, courts typically apply the "purposeful direction" test to tort claims and the "purposeful availment" test to contract claims. *See id.* In this case, plaintiff brings both tort and contract and, in accordance with the Ninth Circuit's guidance, the Court finds it useful here to evaluate the tort and contract claims using the purposeful direction and purposeful availment tests, respectively.

a.  Purposeful Direction

Plaintiff has failed to show that FedEx Corporation purposefully directed activities toward Oregon. Courts analyzing purposeful direction look to the "'effects' test' from *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)." *Davis*, 71 F.4th at 1162. The effects test "requires that the defendant allegedly have

(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803 (quoting *Dole Food v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). Plaintiff has not made a prima facie showing as to the first element, and thus, the Court does not reach the remaining elements.

To satisfy the first element, "the defendant must act with the 'intent to perform an actual, physical act in the real world.'" *Picot*, 780 F.3d at 1214 (quoting *Schwarzenegger*, 374 F.3d at 806). Plaintiff's tort claims all center around the alleged theft of his package. However, FedEx Corporation has introduced uncontroverted evidence that it is a holding company that does not offer shipping services, is not involved with its relevant subsidiaries' day-to-day operations, does not supervise package delivery employees, and does not enter into contracts with delivery service providers. Waits Decl. ¶¶ 4-9. This evidence, which plaintiff does not contradict, shows that FedEx Corporation could not have intended to perform any actual acts expressly aimed at Oregon that caused plaintiff's harm. Plaintiff has not shown purposeful direction.

b.      Purposeful Availment

Plaintiff also has not shown that FedEx Corporation purposefully availed itself of Oregon law. "[A] contract alone does not automatically establish minimum contacts in the plaintiff's home forum." *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008). To establish personal availment, the plaintiff must instead show "actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)). Courts consider several factors in making this assessment: (1) "the terms of the contract," (2) "contemplated future consequences," (3) "prior negotiations," and (4) "the parties' actual course of dealing." *Burger King v. Rudzewicz*, 471 U.S. 462, 479 (1985). If these factors, taken together, demonstrate that a defendant purposefully availed itself of the privilege of doing business in the forum state, then the first prong of the specific personal jurisdiction test is satisfied. *See id.*

None of the factors here indicate that FedEx Corporation purposefully availed itself of Oregon law. First, as discussed above, there is uncontroverted evidence that FedEx Corporation did not enter into any relevant contracts. Plaintiff alleges generally that "FedEx Corporation was contracted to deliver" his

package, Compl. 2, but he does not dispute the truth of defendant's proffered evidence or offer any evidence to the contrary. Relatedly, plaintiff does not attach the contract to his complaint or provide any allegations about the contract's terms, the contemplated consequences, the parties' contractual negotiations, or the actual course of dealings. In the absence of any contract involving FedEx Corporation, the Court cannot find that FedEx Corporation personally availed itself of Oregon law.

Altogether, plaintiff has not met his burden of showing that FedEx Corporation purposefully availed itself of Oregon law. Having also found that FedEx Corporation did not purposefully direct its activity at Oregon, the Court must find that it does not have specific personal jurisdiction over FedEx Corporation. FedEx Corporation's motion to dismiss is therefore granted and plaintiff's claims against FedEx Corporation are dismissed.

**B.    Leave to Amend**

The final question is whether plaintiff should be granted leave to amend. Based on the uncontroverted evidence, it does not appear that there is any way plaintiff could amend his complaint to state a viable claim for relief against FedEx Corporation. The Court therefore finds that amendment would be futile as to FedEx Corporation and dismisses FedEx Corporation from this action with prejudice. Plaintiff's motion is denied as to his claims against FedEx Corporation.

Otherwise, however, plaintiff's motion is granted. Since the Court lacks personal jurisdiction over the sole defendant to have appeared, it declines to reach the substance of plaintiff and FedEx Corporation's remaining arguments on futility. Instead, because this is the first motion to dismiss filed in this case and no opportunity to amend has yet been given, the Court generally grants plaintiff leave to file a first amended complaint. Any amended complaint must comply with all rulings set forth in this Opinion and Order. This means that plaintiff cannot name FedEx Corporation in the amended complaint. Plaintiff may, however, name the appropriate entity in his amended complaint and allege additional facts to support his claims. If plaintiff chooses to file an amended complaint, he is advised to first review the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," that is available to the   public   at   https://ord.uscourts.gov/index.php/representing-yourself/information-about-representing-

yourself.

Additionally, the Court reminds plaintiff of his obligation to comply with all applicable rules of procedure. Plaintiff has a continuing obligation, for example, to provide the Court with updated information regarding his mailing address, telephone number, and e-mail address. *See* Local R. 83-10. Plaintiff has yet to provide this Court with a telephone number at which he can be reached. Failure to comply with this rule can result in dismissal of a plaintiff's action for failure to prosecute.

## CONCLUSION

For the reasons stated herein, defendant FedEx Corporation's motion to dismiss or, in the alternative, for a more definite statement, ECF 10, is GRANTED. FedEx Corporation is dismissed with prejudice. Otherwise, dismissal is without prejudice and with leave to amend. If plaintiff believes he can cure the deficiencies outlined in this Opinion and Order, he may file a first amended complaint within thirty (30) days. Plaintiff is cautioned that any amended complaint must comply with the rulings made in this Opinion and Order. In addition, and also within thirty (30) days of the date of this Opinion and Order, plaintiff shall provide the Court with updated contact information, including an up-to-date telephone number, email address, and mailing address. As outlined in this Opinion and Order, plaintiff's motion for leave to amend, ECF 19, is therefore GRANTED in part and DENIED in part. FedEx Corporation's motion for protective order, ECF 27, is DENIED as moot.

IT IS SO ORDERED.

DATED this 12th day of March, 2026.

Adrienne Nelson
United States District Judge